IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VINCENT ELLIOT WILSON**,

    Plaintiff,

v.                                                                                               Civil Action No. **3:23CV542 (RCY)**

**UNITED STATES DISTRICT COURT**, *et. al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings the present action that was transferred to this Court by the United States District Court for the Eastern District of New York. Plaintiff has requested leave to proceed *in forma pauperis*.[1] The pertinent statute provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has at least three other actions or appeals that have been dismissed as frivolous or for failure to state a claim. *See Wilson v. Arthur*, No. 3:23cv82 (DJN), 2023 WL 2506420, at *6 (E.D. Va. Mar. 14, 2023); *Wilson v. Burgess*, No. 3:22cv662 (DJN), 2023 WL 2505863, at *5 (E.D. Va. Mar. 14, 2023); *Wilson v. Arthur*, No. 3:22cv602 (DJN), 2023 WL 2507554, at *6 (E.D. Va. Mar. 14, 2023), *aff'd* 2023 WL 4839377 (4th Cir. July 28, 2023); *Wilson v. U.S.P.S*, No. 3:22cv689 (DJN), 2023 WL 1997069, *2 (E.D. Va. Feb. 14, 2023); *Wilson v. Lindsey*, No. 3:23cv83 (DJN), 2023 WL 1997070, at *2 (E.D. Va. Feb. 14, 2023), *aff'd* 2023 WL

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

4839386 (4th Cir. July 28, 2023). Plaintiff's current complaint does not suggest that he is in imminent danger of serious physical harm.[2]

Accordingly, his request to proceed *in forma pauperis* will be DENIED. The action will be DISMISSED WITHOUT PREJUDICE. Plaintiff remains free to submit a new complaint with the full $402 filing fee. The Court will process such a complaint as a new civil action.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ *[signature]*
Roderick C. Young
United States District Judge

Date: August 31, 2023
Richmond, Virginia

---

[2] Plaintiff names the United States District Court, United States District Court Judge David J. Novak, United States Magistrate Judge Mark. R. Colombell, and the Commonwealth of Virginia and faults them for dismissing his many cases and "switching words around in the complaint." (ECF No. 1, 5–8.) The remainder of the action is a general airing of grievances about his conditions of confinement, including that the detention center did not provide him treatment for cancer for two years upon his initial arrival (*id.* at 6), and his contention that the Clerk's Office allegedly has hung up on him when he tries to "tell them that the Arlington County Jail is trying to kill him in his food and ask[s] to speak with police or Marshals." (*Id.*) Even if the named Defendants were somehow personally involved in these allegations, which they are not, Plaintiff fails to show that he is in *imminent* danger of serious physical injury.

Further, the Court notes that the Clerk's Office has been extraordinarily patient with and accommodating to Wilson, and as he has been reminded previously, *see Wilson v. O'Bryant*, No. 3:22CV556 (E.D. Va. Dec. 15, 2022), Wilson should only call the Clerk's Office with legitimate questions about the processing or status of *open* cases not to simply harass or ask questions that have already been answered by order of the Court. Wilson may not call the Clerk's Office to complain about fees, how the institution collects them, refunds, or free copies (which Wilson is well aware the Court will not provide), or he may face further Court-imposed restrictions.

2